UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-cr-00046-RJC-DSC

| | | |
|---|---|---|
| USA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CURTIS ARNOLD, | ) | |
|     Defendant. | ) | |

**THIS MATTER** is before the Court upon motion of the defendant pro se again requesting that the Court modify its sentence or recommend that the United States move to vacate his conviction under 21 U.S.C. §§ 841, 846, and 851. (Doc. No. 144).

Although the Court has previously denied numerous motions challenging his Career Offender sentence, (Doc. Nos. 64, 66, 68, 93, 100, 122, 131, and 142: Orders), the defendant now cites a decision from the Eastern District of New York in which the judge requested that the United States Attorney consider her discretion to agree to an order vacating the petitioner's convictions under 18 U.S.C. § 924(c) in proceedings under 28 U.S.C. § 2255. United States v. Holloway, 68 F. Supp. 3d 310, 314 (E.D.N.Y. 2014). A number of judges have rejected the so-called Holloway Doctrine and recognized that a district court has limited authority to modify a sentence once it has been imposed. See e.g. United States v. Sumner, --- F. Supp. 3d ---, at *3 (D.D.C. 2016); Brown v. United States, 2016 WL 4745822, at *2 (N.D. Ohio Sept. 13, 2016); Slade v. United States, No. 4:08-CR-3-FL, 2016 WL 3911918, at *4 (E.D.N.C. July 15, 2016), appeal dismissed, No. 16-7370, 2017 WL 464462 (4th Cir. Feb. 3, 2017); Acuna v. United States, 2016 WL 3747531, at *2 (D. Haw. July 8, 2016); Wade v. United States, 2015 WL

7732834, at *2 (D. Md. Nov. 30, 2015). Here, the Court likewise finds no basis in law to recommend that the United States move to vacate the conviction, which became final years ago.

**IT IS, THEREFORE, ORDERED** that the defendant's motion, (Doc. No. 144), is **DENIED**.

Signed: June 1, 2017

Robert J. Conrad, Jr.
United States District Judge